UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                      |   |                           |
|--------------------------------------|---|---------------------------|
| KAREN BADIA, et al.,                 | ) |                           |
|                                      | ) |                           |
|     Plaintiffs,  | ) |                           |
|                                      | ) |                           |
| v.                                   | ) | Case No. 16-cv-10252-LTS  |
|                                      | ) |                           |
| HAMANASI ADVENTURE                   | ) |                           |
| AND DIVE RESORT, et al.,             | ) |                           |
|                                      | ) |                           |
|     Defendants.  | ) |                           |

ORDER ON MOTION TO DISMISS (DOC. 13)

February 10, 2017

SOROKIN, D.J.

Plaintiffs sue for injuries they suffered while on vacation in Belize, allegedly due to the negligence of their resort and of a resort employee. The resort has moved to dismiss. The Court is sympathetic to Plaintiffs but concludes it lacks personal jurisdiction. Thus, the Court ALLOWS the Motion to Dismiss (Doc. 13) and DISMISSES this action.

I.  BACKGROUND

On February 16, 2016, Plaintiffs Karen Badia, Jared Badia, Susan Badia, I.B. (a minor), and Joan Dillon filed a Complaint against Defendants Hamanasi Adventure and Dive Resort ("Resort") and Emeiliano Sho. Doc. 1. Karen and Jared Badia are residents of Massachusetts. Id. at 1. Susan Badia, I.B. and Ms. Dillon are residents of New York. Id. Defendants are located in Belize. Id. at 2. Plaintiffs assert jurisdiction based upon the diversity of the parties. Id.

1

Plaintiffs allege the following:[1] On or about February 22, 2013, they were guests of the Resort and "took part in activities featured, advertised and solicited by [the Resort], including but not limited to providing transportation for hotel guests to and from various locations." Id. at 3. Defendant Emeiliano Sho "was retained by [the Resort] to work as a driver and tour guide." Id. Sho operated a Resort-owned van in order to transport Plaintiffs to Tikal, Guatemala. Id. Sho operated the van "at an unreasonable rate of speed and collided with a vehicle and trailer, causing the airbags to deploy, the windshield to shatter, and significant damage to the van." Id. at 3-4. Each of the Plaintiffs sustained significant injuries, including fractures. Id. at 4-5.

Plaintiffs claim Sho was negligent in his operation of the van, and the Resort was negligent for entrusting the vehicle to Sho, its employee. Id. at 5. They seek compensatory damages. Id. at 6.

The Resort moves to dismiss for ineffective service of the Complaint, lack of personal jurisdiction, and forum non conveniens.[2] Doc. 13.

II.  DISCUSSION

Plaintiffs argue that the Court has specific personal jurisdiction over the Resort.[3] Doc. 20 at 7. The Resort disagrees. Doc. 14 at 8.

---

[1] In considering the Motion to Dismiss, the Court must accept the Complaint's factual allegations as true and draw all reasonable inferences in Plaintiffs' favor. Saldivar v. Racine, 818 F.3d 14, 16 (1st Cir. 2016).

[2] The Court concludes it lacks jurisdiction, and thus has no reason to analyze the Resort's other arguments for dismissal. Sho has not moved to dismiss or filed any responsive pleading. However, at the hearing on the instant Motion, Plaintiffs' counsel conceded that if the Court lacks personal jurisdiction over the Resort, it lacks jurisdiction over Sho as well.

[3] Plaintiffs do not argue that the Court has general jurisdiction over the Resort.

A.   Legal Background

"The plaintiff has the burden of establishing that jurisdiction over the defendant lies in the forum state." Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016) (citation omitted). "Faced with a motion to dismiss for lack of personal jurisdiction, a district court may choose from among several methods for determining whether the plaintiff has met its burden," the "most common[]" being the prima facie method. Id. (citations, internal quotation marks, and alterations omitted); A Corp. v. All American Plumbing, 812 F.3d 54, 58 n.5 (1st Cir. 2016) (citation and internal quotation marks omitted). Under that method, the plaintiff must "proffer evidence which, taken at face value, suffices to show all facts essential to personal jurisdiction." Baskin-Robbins, 825 F.3d at 34 (citations omitted). "It is not enough for [a plaintiff] to rely on unsupported allegations in its pleadings." A Corp., 812 F.3d at 58 (citations and internal quotation marks omitted). "Rather, [the plaintiff] must put forward evidence of specific facts to demonstrate that jurisdiction exists." Id. (citations and internal quotation marks omitted); see also Carreras v. PMG Collins, LLC, 660 F.3d 549, 552 (1st Cir. 2011) ("A court need not . . . credit bald allegations or unsupported conclusions."). The Court "must accept [Plaintiffs'] properly documented evidentiary proffers as true and construe them in the light most favorable to [their] jurisdictional claim." A Corp., 812 F.3d at 58 (citations omitted). The Court will "also consider facts offered by [the Resort], to the extent that they are not disputed." Id. (citation omitted).

"In determining whether a non-resident defendant is subject to its jurisdiction, a federal court exercising diversity jurisdiction is the functional equivalent of a state court sitting in the forum state." Baskin-Robbins, 825 F.3d at 34 (citations and internal quotation marks omitted). Thus, Plaintiffs must show that the Court's "assertion of personal jurisdiction over [the Resort]

3

would satisfy the requirements of both the Due Process Clause of the federal Constitution and the Massachusetts long-arm statute, Mass. Gen. Laws ch. 223A, § 3."[4] Id.

B. Relevant Facts[5]

Michael Badia accessed the Resort's website through a linked advertisement on the website TripAdvisor.[6] Doc. 20-2 at 1. The Resort's website contains "numerous boastful testimonials from Massachusetts residents who stayed at the resort which are intended to attract additional Massachusetts residents to the resort." Doc. 20 at 12 (citing Doc. 20-9). The Resort's website directed Mr. Badia to enter his contact information so that it could contact him "for purposes of discussing services and travel packages it offered." Doc. 20-2 at 1. A Resort representative then sent Mr. Badia an email, communicating to him the Resort's offerings and pricing. Id. In November 2012, Mr. Badia and the representative communicated via email approximately five times regarding the possible purchase of a Resort package. Id. at 2.

The Resort sent an email directing Karen and Michael Badia "to contact a representative in [the Resort's] Florida office by telephone." Doc. 20-1 at 1; see also Doc. 20-4 (showing that the Resort's reservations office is in Florida). Ms. Badia did so, and during one of the calls, the Resort "represented that, as part of its all-inclusive package, it would provide . . . ground

---

[4] The Court finds that it does not have personal jurisdiction under the Due Process Clause, and thus does not analyze whether it has jurisdiction under the long-arm statute. See Cossart v. United Excel Corp., 804 F.3d 13 (1st Cir. 2015) (noting that the "requirements of the Massachusetts long-arm statute are similar to – although not necessarily the same as – those imposed by the Due Process Clause.") (citations omitted).

[5] In this section, the Court recounts facts Plaintiffs cite in support of their jurisdictional claim that are supported by evidence, as well as facts the Resort cites in support of its argument that are supported by evidence and not disputed by Plaintiffs. See A Corp., 812 F.3d at 58. The Court does not credit, and therefore does not recount, factual assertions for which no evidence has been provided, such as Plaintiffs' claim that the Resort "advertises in *USA Today*." Doc. 20 at 3 & n.2; see also Carreras, 660 F.3d at 552.

[6] Michael Badia, Karen Badia's husband, is not a plaintiff in this case, but submitted an affidavit in support of Plaintiffs' jurisdictional claim. See Doc. 20-2. He was in the vehicle with Plaintiffs on February 22, 2013, and "sustained minor injuries which have resolved." Id. at 2.

4

transportation to and from various destinations in Belize." Doc. 20-1 at 1. Because of "this representation and the[ir] communications" with the Resort, Karen and Michael "agreed to purchase an all-inclusive travel package." Id. at 2. "On or about November 27, 2012, [the Resort] sent an email to [Ms. Badia] with the final invoice in the amount of $7,218.00 for services [the Resort] would render." Id. Karen and Michael paid the invoice. Id.

The Resort is a Belizean corporation. Doc. 13-2 at 1. Its "guests come from a variety of countries around the world," and "a small minority" of its guests from the United States are from Massachusetts. Id. at 2; see also Doc. 26-1 at 1 (stating that as of November 18, 2016, "no more than approximately 2.5% of [the Resort's] open bookings involved guests from Massachusetts"). The Resort "is not licensed to do business in Massachusetts and has no employees, agents, offices, accounts, telephone numbers, warehouses, or mailing addresses in Massachusetts." Doc. 13-2 at 2. The Resort has never filed tax returns in Massachusetts, and "is not engaged in any joint ventures or partnerships with any companies or businesses in Massachusetts." Id. According to the Resort's general manager, "[t]o the best of [her] knowledge," the Resort "has never sold trips to Tikal, Guatemala as part of any packages or in advance." Doc. 26-1 at 2. "The Badias' purchase of the trip to Tikal referred to in the Complaint . . . would only have been purchased onsite, at the resort in Belize." Id.

    C.    Analysis

"The Due Process Clause of the Fourteenth Amendment requires that a defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Baskin-Robbins, 825 F.3d at 35 (citations and internal quotation marks omitted). "This due process test is flexible and fact-

specific, written more in shades of grey than in black and white." Id. (citation and internal quotation marks omitted). For the Court to have specific jurisdiction over a defendant, (1) "the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities"; (2) "the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable"; and (3) the exercise of jurisdiction must be "reasonable." Copia Communications, LLC v. AMResorts, LP, 812 F.3d 1, 4 (1st Cir. 2016) (citations and internal quotation marks omitted).

The Court finds that the first prong, relatedness, is absent in this case. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014) (citation and internal quotation marks omitted). "Relatedness requires that the action . . . directly arise out of the specific contacts between the defendant and the forum state." Baskin-Robbins, 825 F.3d at 35 (ellipsis in original; citation and internal quotation marks omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Walden, 134 S. Ct. at 1121. "Relatively speaking, the relatedness inquiry is to be resolved under a flexible, relaxed standard." Id. (citation and internal quotation marks omitted). However, Plaintiffs still must show "a demonstrable nexus between [their] claims and [the Resort's] forum-based activities, such that the litigation itself is founded directly on those activities." Adelson v. Hananel, 510 F.3d 43, 48 (1st Cir. 2007) (citations, internal quotation marks, ellipsis, and alterations omitted). "There must be more than just an attenuated connection between the [defendant's] contacts and

6

the claim; the defendant's in-state conduct must form an important, or at least material, element of proof in the plaintiff's case." Phillips v. Prairie Eye Center, 530 F.3d 22, 27 (1st Cir. 2008) (citations and internal quotation marks omitted); see also Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 290 (1st Cir. 1999) ("[T]he relatedness requirement is not met merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must directly arise out of the specific contacts between the defendant and the forum state.") (citation and internal quotation marks omitted).

With respect to tort claims specifically, the "relatedness inquiry . . . focuses on whether the defendant's *in-forum* conduct caused the injury or gave rise to the cause of action." United States v. Swiss American Bank, Ltd., 274 F.3d 610, 622 (1st Cir. 2001) (citing Mass. Sch. of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 35 (1st Cir. 1998)) (emphasis in original). "In typical tort claims, [the Court's] inquiry is whether the plaintiff has established cause in fact (i.e., the injury would not have occurred but for the defendant's forum-state activity) and legal cause (i.e., the defendant's in-state conduct gave birth to the cause of action)."[7] Hannon v. Beard, 524 F.3d 275, 282 (1st Cir. 2008) (citation and internal quotation marks omitted). As an example, in Phillips Exeter, the First Circuit held that New Hampshire did not have specific jurisdiction over the out-of-state defendant – notwithstanding the defendant's "ongoing relationship with, and [fiduciary] obligation to," the New Hampshire plaintiff – principally because the plaintiff was alleging breach of fiduciary duty, a tort, and because that tort allegedly occurred in Florida. 196 F.3d at 289, 291.

---

[7] Conversely, in a contract dispute, "in examining the defendant's relationship to the forum [the Court] look[s] to whether the defendant's activity in the forum state was instrumental either in the formation of the contract or its breach." Adelson, 652 F.3d at 81 (citations and internal quotation marks omitted). Plaintiffs do not assert any breach of contract claims.

7

Here, Plaintiffs assert that the following facts are sufficient to satisfy the relatedness prong: (1) the Resort advertises in Massachusetts; (2) the Resort maintains an "interactive website" that "is continuously available to Massachusetts residents"; (3) in November 2012, the Resort communicated with Karen and Michael Badia, representing to them "that it would provide vehicular transportation for the Plaintiffs to and from various destinations in Belize"; and (4) that same month, based on those representations, the Badias entered "into a contract [with the Resort] for the sale of a travel package." Doc. 20 at 10-11. Plaintiffs argue that their "injuries directly arise out of [these] material connection[s] to" Massachusetts. Id. at 10; see also id. at 11 ("Plaintiffs' injuries were proximately related to the Defendant's in-state contacts.").

This argument is unavailing. To be sure, the Resort's advertising, website, and in-state conduct established a "relationship between the parties" and were "cause[s] in fact" of Plaintiffs' injuries. Phillips Exeter, 196 F.3d at 290; Hannon, 524 F.3d at 282. The chain of causation is as follows: If Michael Badia had not seen the Resort's advertisement on TripAdvisor, then he would not have gone to the Resort's website and entered his contact information. Then the Resort would not have emailed him about its various travel packages, or told him and Karen to call its Florida office. If Karen had not called, then the Resort would not have been able to represent to her that it would provide transportation to and from various places in Belize. But for that representation, the Badias would not have purchased the travel package for Plaintiffs. Then the Plaintiffs would not have gone to the Resort and purchased a trip to Tikal, Guatemala, onsite. But for that purchase, they would not have had any reason to get into a vehicle with Mr. Sho, who allegedly drove negligently and caused Plaintiffs' injuries.

Showing cause in fact is not sufficient to confer jurisdiction, however. Critically, Plaintiffs cannot show that the Resort's advertising, website, representations to the Badias, or

sale of the travel package in November 2012 "caused the injur[ies]" Plaintiffs suffered in Belize on February 22, 2013. Swiss American Bank, 274 F.3d at 622. None of those connections to Massachusetts "gave birth to" Plaintiffs' causes of action; rather, the Resort's allegedly negligent entrustment and Mr. Sho's allegedly negligent driving – both of which occurred in Belize – "gave birth to" them. Hannon, 524 F.3d at 282. Thus, there is not a "substantial connection" between Defendant's "suit-related conduct" and Massachusetts.[8] Walden, 134 S. Ct. at 1121. Even under a "relaxed" standard, the Court cannot find that this litigation about what happened on February 22, 2013, is "founded directly" on the Resort's advertising, website, or forum-based activities in November 2012.[9] Baskin-Robbins, 825 F.3d at 35; Adelson, 510 F.3d at 48. As a result, the relatedness prong is not satisfied.

Because the relatedness requirement has not been met, the Court need not analyze the other two requirements for specific jurisdiction. See Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 137-38 (1st Cir. 2006) (ending specific jurisdiction analysis after determining that plaintiff failed to satisfy relatedness requirement); Phillips Exeter, 196 F.3d at 288 (affirming

---

[8] The Court also rejects Plaintiffs' suggestion that the relatedness prong is satisfied, at least in part, because "[t]he Badias agreed to purchase the package . . . based on representations [the Resort] made to them that it would provide vehicular transportation," Doc. 20 at 10 (citations omitted), as "[i]mplicit in [those] representation[s] was [the promise] that the drivers employed and/or retained by [the Resort] were licensed, safe, and competent," id. at 4. Assuming *arguendo* Plaintiffs' statements suffice to contradict the Resort's sworn assertion that the trip to Tikal was purchased on-site in Belize and was not part of the November 2012 purchase agreement, Doc. 26-1 at 2, the Court notes once again that Plaintiffs are not claiming violation of the purchase agreement but negligent entrustment of a vehicle and negligent driving on February 22, 2013. Even if the purchase agreement implicitly established a general duty of care by the Resort toward the Plaintiffs, that duty was allegedly breached in Belize, meaning this tort action at most *indirectly* "arise[s] out of the specific contacts between" the Resort and Massachusetts, contrary to the requirement for relatedness as stated in Phillips Exeter. 196 F.3d at 290; see also Swiss American Bank, 274 F.3d at 622.

[9] Plaintiffs cite Hasbro Inc. v. Clue Computing Inc., 994 F. Supp. 34 (D. Mass. 1997), for the proposition that "'a Web site that is continuously available to Massachusetts residents' and which 'constantly advertises in Massachusetts at an Internet address' satisfies the relatedness prong." Doc. 20 at 11 (quoting 994 F. Supp. at 44). However, that case is materially different from this one and those quotes are taken out of context: Hasbro concerned a website that was *itself* allegedly "causing tortious injury," by infringing on the plaintiff's trademark, so of course the website in that case satisfied the relatedness prong. 994 F. Supp. at 44. Here, by contrast, the Resort's website is merely a very attenuated but-for cause of Plaintiffs' injuries.

district court's finding of no specific jurisdiction, and noting that the "district court went no further than the first tier of the test").

III.     CONCLUSION

For the foregoing reasons, the Court ALLOWS the Resort's Motion to Dismiss (Doc. 13). In light of Plaintiffs' counsel's concession regarding jurisdiction over Sho, see supra n.2, the Court DISMISSES this action.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge